**In re DAUPHIN COUNTY TAX CLAIM BUREAU Tax Upset Sale on September 27, 2002 for Property Located at 1014 North Third Street Harrisburg, Pennsylvania,**

**Anthony Ricci,**

v.

**Dauphin County Tax Bureau and Peter I. Bentivegna,**

**Appeal of Peter I. Bentivegna.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 2003.
Decided Oct. 30, 2003.

---

Margaret M. Stuski, Wormleysburg, for appellant.

Mark E. Clouser, Harrisburg, for appellee.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Peter I. Bentivegna and the Dauphin County Tax Claim Bureau (Appellants) appeal from an order of the Court of Common Pleas of Dauphin County, setting

aside the upset tax sale of a commercial property owned by Anthony Ricci and located at 1014 North Third Street, Harrisburg, Dauphin County. Appellants question (1) whether the trial court erred in creating a burden of proof upon tax bureaus that is improper and unworkable because it requires the individual who posts the property on behalf of the tax bureau to have a specific recollection of each property posted; (2) whether Ricci waived his challenge to the tax sale based upon the Tax Claim Bureau's failure to post the property; and (3) whether Ricci had actual notice of the tax sale that justifies upholding the sale.

For approximately the past nine years Ricci has been the sole owner of the aforementioned property, a restaurant known as "Nick's Cafe." In March 2001 Ricci received a notice of tax delinquency from the Bureau informing him that he had not paid his property taxes for year 2000. By notice dated July 19, 2002, and sent by certified mail/restricted delivery to 1014 North Third Street, the Bureau informed Ricci that the property would be sold for delinquent taxes on September 27, 2002. The return receipt, dated July 20, 2002, showed that the notice had been delivered and received by "Tony Ricci." Bureau documents also indicated that the tax sale had been properly advertised and that the property had been posted at least ten days before the sale.[1] On September 27 the property was sold to Bentivegna for $24,732.07.

Ricci filed a petition in the trial court to set aside the tax sale, averring that he had never seen the July 19 notice of sale and that the signature on the return receipt was not his signature. Ricci also averred that he did not learn of the tax sale until October 11, 2002 when Donald Failor, who held a second mortgage on the property, indicated that he received a letter dated October 2 stating that the property had been sold. In the petition, Ricci did not specifically aver that the Bureau failed to post notice of the sale at the property. At a hearing on October 28 the parties stipulated that the Bureau had properly advertised the sale in the required number of publications. Robert Crawford, an appraiser for Dauphin County whose responsibilities include posting tax sale notices, testified that he could only vaguely recall posting the subject property but that the affidavit of posting indicated that the property was posted on August 28. Crawford explained that Carl Senior, another appraiser, served as the driver while Crawford did the posting, and they signed the affidavit immediately thereafter. On cross-examination, Crawford stated that after seeing a photograph he vaguely recognized the subject property but acknowledged that because he and Senior posted about 500 properties that day he could not specifically recall details of the posting. Crawford rejected the notion that he could have posted the wrong property.

Consistent with the averments in his petition, Ricci testified that he never received the July 19, 2002 notice of sale and that the signature on the return receipt

---

1. Requirements for tax sales are set forth in the Real Estate Tax Sale Law (Tax Sale Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–5860.803. In regard to giving notice of a pending tax sale, the Tax Sale Law requires that the Bureau publish notice of the sale in two county newspapers and the county legal journal at least thirty days prior to sale (Section 602(a) of the Tax Sale Law, 72 P.S. § 5860.602(a)); give notice of the sale to each owner of the property at least thirty days before sale by certified mail, restricted delivery, return receipt requested (Section 602(e)(1) of the Tax Sale Law, 72 P.S. § 5860.602(e)(1)); and post public notice of the sale at the property at least ten days prior thereto (Section 602(e)(3) of the Tax Sale Law, 72 P.S. § 5860.602(e)(3)).

was not his. Ricci stated that he did not see the published sale notices in the local papers and that, despite being at the property every day, he never saw a posting at the property and did not learn of the tax sale until October 3 (not October 11 as averred in his petition), when he received a telephone call from Donald Failor. Ricci further claimed that at the time of the tax sale he had nearly completed a deal to sell the property, at which time the delinquent taxes would have been paid. Tanya Sweeney, a manager at Nick's Cafe who was at the property every day, testified that she did not know who signed for the July 19 notice of sale and that she never saw a posted notice of sale at the property.

■ In an opinion and order dated January 17, 2003, the trial court granted the petition to set aside the tax sale after concluding that the Bureau had failed to sustain its burden of showing that the property was properly posted. In a second opinion and order dated March 12, 2003, the court explained that it relied on the facts that Crawford could not specifically recall posting the property and that Ricci and Sweeney testified that they never saw a posting on the property. The court concluded that Ricci's averment that he did not receive notice of the tax sale was adequate to preserve the issue of posting and that the Bureau suffered no prejudice from Ricci's challenge to the posting. Finally, the court noted that it was not satisfied that Ricci had actual notice of the impending tax sale because Ricci did not personally sign for the certified mail notice of sale just like the property owner in *In re Middlecreek Township Tax Sale No. 12434*, 688 A.2d 1239 (Pa.Cmwlth.1997). Therefore, the court refused to waive strict

compliance with the notice requirements of Section 602 of the Tax Sale Law, 72 P.S. § 5860.602.[2]

■ Before this Court, Appellants first argue that the trial court imposed an impossible burden on the Bureau by requiring that the employee posting the property have a specific recollection of posting one out of hundreds of properties. Appellants point out that the Bureau produced a sworn affidavit signed by Crawford and another appraiser at the time of posting, that the acts of government officials are entitled to a presumption of regularity and that Ricci did not challenge the posting until after he filed his petition. This Court cannot agree, however, that the trial court abused its discretion or committed an error of law by concluding that the Bureau failed to prove proper posting.

■ First, it was within the province of the trial court to weigh conflicting testimony, to make credibility determinations and to make findings of fact based on those assessments, and so long as those findings are supported by substantial evidence they will not be disturbed on appeal. *Consolidated Return by McKean County Tax Claim Bureau of 9/12/2000*, 820 A.2d 900 (Pa.Cmwlth.2003). Appellants essentially challenge the trial court's decision to give greater weight to the testimony of Ricci and Sweeney than to the testimony of Crawford. This Court, however, may not substitute its judgment for that of the trial court by holding that Crawford's testimony is entitled to greater weight. Second, although the official acts of the Bureau are entitled to an initial presumption of regularity, that presumption applies only "until the contrary appears," and that standard

**2.** This Court's review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision lacking in supporting evidence or clearly erred as a matter of law. *In re Delinquent Tax by Elk County*, 793 A.2d 1025 (Pa. Cmwlth.2002).

is met "by filing exceptions to the sale and averring that the tax claim bureau did not comply with statutory procedures." *Michener v. Montgomery County Tax Claim Bureau*, 671 A.2d 285, 289 (Pa.Cmwlth. 1996). Ricci averred a lack of notice and later testified that he never saw a posted notice of sale at the property.[3]

Appellants' second argument is that Ricci did not properly raise the issue of posting and that he therefore waived the issue. Appellants emphasize that in his petition Ricci averred only that he had not received notice of the sale, that he did not specifically aver improper posting and that he never sought to amend the petition to claim improper posting.[4] It is the rule that an issue not raised before a trial court, generally in a pleading, is waived and may not be a basis for the court's decision. *See Knarr v. Erie Insurance Exchange*, 555 Pa. 211, 723 A.2d 664 (1999); *Township of Concord v. Concord Ranch, Inc.*, 664 A.2d 640 (Pa.Cmwlth.

1995). However, Ricci's petition avers that the Bureau "failed to comply with the statutory notice provisions under the tax sale laws," and that "the first time that Ricci received actual notice that the Tax Claim Bureau was going to proceed with the tax sale of his property was on October 11, 2002 from Donald Failor." *See* Petition to Set Aside Tax Sale, R.R. 8a–9a.

Arguably the preferred practice is to identify each deficiency with specificity, but the foregoing averment alerted Appellants that Ricci challenged the Bureau's compliance with notice requirements and that the Bureau would have to prove its compliance with the requirements set forth in Section 602 of the Tax Sale Law. The parties also presented testimony and documentary evidence at the hearing regarding the posting issue. In this instance, the Court finds no error in the trial court's ruling that Ricci did not waive the posting issue.[5]

**3.** *See Rinier v. Tax Claim Bureau of Delaware County*, 146 Pa.Cmwlth. 568, 606 A.2d 635 (1992) (property owner's filing of exceptions to tax sale and vagueness of sheriff's testimony about posting sufficient to overcome presumption); *Thomas v. Montgomery County Tax Claim Bureau*, 123 Pa.Cmwlth. 371, 553 A.2d 1044 (1989) (affidavit of posting sufficient to support presumption of regularity and finding that property was properly posted when appellant failed to present contradictory evidence). *Cf. Simmons v. Delaware County Tax Claim Bureau*, 796 A.2d 400 (Pa.Cmwlth. 2002) (noting rule that, in absence of fraud, sheriff's completed return of service is conclusive as to facts stated in return and is immune from attack by extrinsic evidence).

**4.** The Court's following observation is instructive in regard to the claimed technical defect in Ricci's pleading and how it might affect the disposition of this appeal:

The [Law], however, impose[s] duties, not on owners, but on the agencies responsible for sales; and such of those duties as relate to the giving of notice to owners of impending sales of their properties must be strictly complied with. Hence, the inquiry is not to

be focused on some neglect of the owner, which is often present in some degree but on whether the activities of the Bureau comply with the requirements of the statute.

*Wells Fargo Bank of Minnesota, NA v. Tax Claim Bureau of Monroe County*, 817 A.2d 1196, 1200 (Pa.Cmwlth.2003) (citation omitted) (quoting *Return of Tax Sale v. Clawson*, 39 Pa.Cmwlth. 492, 395 A.2d 703, 706 (1979)).

**5.** Appellants rely in part on *Appeal of Yardley*, 166 Pa.Cmwlth. 596, 646 A.2d 751 (1994), to argue that the rules of pleading and waiver apply to tax sale cases. In *Appeal of Yardley* the petitioner, neither an owner nor a lien holder of the property in question, filed exceptions to a tax sale by asserting that the successful purchaser was an officer of the corporation which owned the property and that he breached a fiduciary duty by buying the property in his individual capacity. The petitioner's exceptions did not, as is required by Section 607(d) of the Tax Sale Law, 72 P.S. § 5860.607(d), "question the regularity or legality of the proceedings of the bureau in

Finally, Appellants argue that the trial court erred in failing to uphold the tax sale when Ricci had actual notice of the impending sale and strict compliance with notice requirements was therefore no longer required. Appellants further contend that Ricci had "implied actual notice" of the sale, relying principally upon *Sabbeth v. Tax Claim Bureau of Fulton County*, 714 A.2d 514 (Pa.Cmwlth.1998). In *Sabbeth* the Court noted that cases discussing what constituted "actual notice" were fact specific and did not state a definition of the term, and the Court relied on the definition that implied "actual notice" is "such notice ... as he [e.g., a property owner] is presumed to have received personally because the evidence within his knowledge was sufficient to put him upon inquiry." *Id.*, 714 A.2d at 517 (quoting Black's Law Dictionary 1061–1062 (6th ed.1990)). In *Sabbeth* the petitioner received notice of an impending sale fifty-three days before the sale when a secretary at the business where Sabbeth worked signed for the certified mail and placed it on Sabbeth's desk.

The property was properly posted and was directly across the street from Sabbeth's workplace. The trial court concluded that Sabbeth had implied actual notice of the sale but sought to avoid the consequences of her inaction by claiming complete ignorance.

■ The record here supports the trial court's conclusion that although Ricci had notice of the delinquent taxes he did not have actual notice of the impending tax sale, and this Court is not prepared to hold as Appellants suggest that Ricci may be charged with implied actual notice of a tax sale *solely* because he had actual notice of the delinquent taxes. Furthermore, this case does not present the peculiar combination of facts that existed in *Sabbeth*. Hence, when a property owner states a *prima facie* challenge to a sale based upon statutory notice requirements, the Bureau must prove that it complied with all statutory mandates.[6] *In re 1999 Upset Sale of Real Estate*, 811 A.2d 85 (Pa.Cmwlth. 2002). *See also Middlecreek Township.* Because the Bureau did not prove compli-

respect to such sale...." The trial court conducted a hearing and subsequently dismissed the exceptions and confirmed the tax sale. On appeal, this Court noted that the non-owner petitioner was not a proper party-objector to the tax sale, and in vacating the trial court's order stated:

Since the legislature in the Tax Sale Law limited the objections or exceptions which may be filed by an owner, the courts are limited in their review to the same limitation, i.e., the courts only have the power or authority to consider objections or exceptions *limited to the "regularity or legality of the proceedings of the bureau in respect to such sale."*

*Appeal of Yardley*, 646 A.2d at 756 (emphasis added). That case addresses exceptions falling outside the scope of those permitted by Section 607, and not, as here, the issue of whether a pleading averring lack of notice is sufficient to preserve the more specific issue of failure to give notice by posting. Ricci's objections clearly challenge the "regularity or

legality of the proceedings of the bureau," and as a result *Appeal of Yardley* provides no guidance in this case.

6. On the importance of properly posting properties prior to tax sale, this Court noted:

Not only does public posting assist in informing a taxpayer that his or her property is to be exposed at tax sale, especially when, as here, personal service cannot be accomplished, it serves the additional purpose of notifying others whose interest may be affected by the sale such as mortgage and other lien holders. Posting also serves to notify the public at large that the property is going to be offered at tax sale. This increases the number of bidders for the property, aiding in the likelihood that the taxing bodies will receive the taxes owed, as well as making the sale fair to the delinquent taxpayer so that the property is sold for the highest amount possible....

*In re Upset Price Tax Sale*, 147 Pa.Cmwlth. 52, 57, 606 A.2d 1255, 1258 (1992).

ance with all statutory mandates, the Court cannot agree with Appellants that the trial court committed an abuse of discretion or an error of law. Accordingly, the Court affirms the trial court's order.

## ORDER

AND NOW, this 30th day of October, 2003, the order of the Court of Common Pleas of Dauphin County is affirmed.