# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William G. McAndrew, Kathleen  :
McAndrew                        :
                                :
            v.                  :   No. 341 C.D. 2015
                                :   Argued: December 7, 2015
City of Scranton and SA Realty, Inc.   :
                                :
Appeal of: SA Realty, Inc.      :


BEFORE:     HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                    **FILED: December 30, 2015**


Appellant SA Realty, Inc. appeals from the order of the Court of Common Pleas of Lackawanna County (common pleas) granting the Petition to Strike and/or Set Aside City of Scranton Treasurer's Sale filed by William G. McAndrew and Kathleen McAndrew (collectively, the McAndrews). We affirm.[1]

The McAndrews obtained the subject real property, a double residential structure located at 819-21 Delaware Street in Scranton, Pennsylvania

---

[1] Due to its failure to comply with a previous scheduling order, this Court precluded the City of Scranton from filing a brief and participating in oral argument by order dated October 21, 2015.

(the "Property"), by way of a deed dated May 23, 1994. The McAndrews do not live at the Property but, instead, live at an adjacent property located at 813 Delaware Street in Scranton.[2]

As a result of the McAndrews' failure to pay their 2006 real property taxes, the Property was advertised and listed for a City of Scranton (City) Treasurer's Sale set for June 4, 2012. Mr. McAndrew, whose son told him about the upcoming sale, appeared at the Treasurer's office on May 24, 2012, on behalf of himself and his wife and paid the face amount of the taxes, which amounted to $297.49. However, Mr. McAndrew did not pay the interest and penalties attached to the delinquent 2006 taxes, which totaled another $289.71. Even so, after he paid the face amount, the Property was removed from the 2012 Treasurer's Sale list.

In 2013, the Property was once again advertised and listed for a City Treasurer's Sale, this time set for June 3, 2013. Appellant purchased the Property at the 2013 sale for $451.08, and the deed vesting title in Appellant was thereafter recorded on November 10, 2014.

The McAndrews filed their petition to strike and/or set aside the City Treasurer Sale on November 19, 2014, alleging that they had fully paid their 2006 real estate taxes and that they were not notified of the 2013 sale before it occurred. After the City and Appellant filed their respective responses, common pleas held a hearing at which, *inter alia*, a number of persons testified, including Mr. McAndrew; Kirsha Johns, an office manager for Northeast Revenue, which is the organization that managed the collection of delinquent property taxes for the City; and Christopher Boland, who was the City of Scranton Treasurer from June 2010 until January 2014.

---

[2] All parties agree that Scranton is a City of the Second Class A.

2

Afterwards, common pleas issued an order granting the McAndrews' petition and directing that, so far as the Property is concerned, the City Treasurer's Sale and the Treasurer's deed to SA Realty should be stricken and set aside. Common pleas further reasoned that there were failures of posting in both 2012 and 2013 and in confirmation of the sale of the Property and that the sale of the Property and Treasurer's Deed should be set aside for these reasons also.

On appeal, Appellant first asserts that common pleas erred in setting aside the Treasurer's Sale of the Property because the McAndrews' petition was filed outside of the relevant one-year statutory redemption period set forth in Section 3 of the Act of June 28, 1967, P.L. 122 (Act), 53 P.S. § 30903.[3] Appellant also asserts that the McAndrews received statutorily sufficient notice of the 2013 Treasurer's Sale by way of advertisement and affidavit of posting, and, in any event, Section 2 of the Act, 53 P.S. § 30902 does not apply where the McAndrews paid only the face value of the 2006 tax amount owed. Taking the last issue first, we disagree with Appellant that 53 P.S. § 30902 does not control the outcome here. That section, applicable to cities of the Second Class A, specifically provides: "No sale shall be valid where the taxes have been paid prior to … advertisement…."

In the matter *sub judice*, common pleas reasoned that the record evidence strongly supported Mr. McAndrew's testimony that, when he visited the Treasurer's office, he paid the face value of the 2006 taxes, that interest and penalties were waived by then-Treasurer Boland and that the Property was

---

[3] In this vein, Appellant argues that the McAndrews received adequate notice of the 2013 Treasurer's Sale, thus alerting them of the need to redeem the Property within the statutorily prescribed period. To the extent Appellant also argues that the McAndrews were required to redeem the Property within one year *no matter what*, this argument is waived for failure to raise it either during the hearing or the post-hearing brief before common pleas.

withdrawn from the 2012 sale. Although common pleas noted Ms. Johns' testimony that the file lacked a written waiver (which waiver was standard procedure when a property was withdrawn from a Treasurer's Sale absent a payment plan or payment in full), common pleas also considered Mr. Boland's acknowledgement that the "policy was to just try and get the face value of the amount back[,]" (Notes of Testimony (N.T.), December 18, 2014, at 98-99); he routinely waived interest and penalties for people like the McAndrews, who were historically compliant taxpayers, (N.T., 12/18/14 at 100); and, while a written waiver of penalties and interest was the norm, he was "not saying one didn't slip through the cracks…." (N.T., 12/18/14 at 102.)

Because common pleas credited Mr. McAndrew's testimony that he paid the required amount to fully dislodge his 2006 tax debt, and because this amount was paid in May 2012 before the May 2013 advertisements and the June 2013 Treasurer's sale, we hold that common pleas properly determined that the Property's placement on the 2013 Treasurer's Sale list, as well as its sale thereafter, violated the dictates of 53 P.S. § 30902.[4] The McAndrews' payment of their taxes in 2012 rendered the 2013 sale to Appellant clearly invalid. "It is hornbook law that, absent a delinquency in the payment of taxes, a tax sale based upon such delinquency must fail." *Albert v. Lehigh Coal and Navigation Co.*, 246 A.2d 840 (Pa. 1968).

---

[4] It is within the trial court's purview to weigh conflicting testimony, make credibility determinations and findings of fact based on the court's assessments, and, as long as those findings are supported by substantial record evidence, they will remain undisturbed on appeal. *In re Dauphin County Tax Claim Bureau Tax Upset Sale*, 834 A.2d 1229, 1232 (Pa. Cmwlth. 2003).

4

Where the record sufficiently supports that the Property should not have been re-listed for sale in 2013 because the 2006 taxes were paid in 2012, any issues of notice and confirmation with respect to the 2013 sale are moot. Accordingly, the order of the Court of Common Pleas of Lackawanna County is hereby affirmed.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William G. McAndrew, Kathleen : 
McAndrew : 
 : 
v. : No. 341 C.D. 2015
 : 
City of Scranton and SA Realty, Inc. : 
 : 
Appeal of: SA Realty, Inc. : 

# **O R D E R**

AND NOW, this 30th day of December, 2015, the order of the Court of Common Pleas of Lackawanna County is hereby AFFIRMED.

 

 

 

_____

**BONNIE BRIGANCE LEADBETTER,**
Judge