IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 677 C.D. 2022 |
| | : | Submitted: August 8, 2025 |
| Matthew Zoppetti, | : | |
| | : | |
| Appellant | : | |

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE MATTHEW S. WOLF, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                                         FILED:  September 18, 2025

Matthew Zoppetti (Appellant) appeals from a March 24, 2022 order of the Court of Common Pleas of the Twenty-Sixth Judicial District, Columbia County Branch (trial court), finding that Appellant failed to comply with the snow removal provisions of Section 21-301 of the Town of Bloomsburg Municipal Code (Municipal Code).  For the reasons that follow, we affirm.

**BACKGROUND**

On December 16, 2021, Columbia and Montour Counties experienced a large amount of snowfall totaling somewhere between 21 and 30 inches.  Pursuant

to the Municipal Code, owners of real property have 12 hours to remove snow to ensure safe travel across the municipality's sidewalks.[1]

Kenneth Roberts (Roberts) was Bloomsburg's Code Enforcement Officer at all times relevant to these proceedings. On December 19, 2021, Roberts traveled throughout the town of Bloomsburg to observe whether property owners had complied with the Municipal Code's snow removal requirements. Roberts observed that the property located at 350-352 Lightstreet Road (Property) was not in compliance with the Municipal Code. That same day, Roberts filed a citation with the Magisterial District Judge (MDJ) naming "Matthew Zoppetti c/o Bloomsburg Alternative Power" as the Defendant. Reproduced Record (R.R.) at 47a. The MDJ found Appellant guilty, and Appellant sought a *de novo* appeal with the trial court.

---

[1] Section 21-301 of the Municipal Code provides:

> The owner, occupant, or tenant of every property fronting upon or alongside any of the streets in the Town of Bloomsburg is hereby required to remove, or cause to be removed, from all the sidewalks in front of or alongside of such property all snow or ice thereon fallen or formed, within 12 hours after the same shall have ceased to fall or to be formed, provided that snow or ice that has ceased to fall or to be formed after 6:00 p.m. may be removed at any time before 12:00 noon the next day. In the event that snow and/or ice on a sidewalk has become so hard that it cannot be removed without damage to a sidewalk, the person charged with its removal shall, within the time specified above, place enough sand or other abrasive ice remover on the sidewalk to make travel reasonably safe and shall, as soon thereafter as weather permits, clear the sidewalk as specified herein. Snow or ice which is removed shall not be deposited in the roadway of any street, alley, or other public sidewalk of the Town of Bloomsburg and shall not be placed adjacent to any fire hydrant; provided, further, that the owner of a property shall be responsible for conforming to the requirements of this section.

Municipal Code, Reproduced Record (R.R.) at 45a.

A hearing was held before the trial court on February 14, 2022. At the hearing, Roberts testified concerning his observations of the Property. Counsel for Bloomsburg[2] also introduced photographs that Roberts took of the Property on December 19, 2021. *See* Transcript of Proceedings, 2/14/2022, R.R. at 8a-9a. The trial court made the following findings regarding Roberts' testimony:

> (5) On December 16, 2021, [Bloomsburg] experienced a significant snowfall which continued up to December 18, 2021 at 8:00 a.m., a period of three days.
>
> (6) [Roberts] observed that the [P]roperty . . . was not in strict compliance with the [Municipal Code].
>
> (7) [Roberts] personally observed all the properties in the area of 350-352 Lightstreet Road and found those properties in compliance.
>
> (8) The pictures, Exhibits C-3, C-4 and C-5, show the area in front of [the Property] to be snow-covered without real evidence of the owner applying sand or other abrasive ice remover to the sidewalks in front of [the Property], a vertical duplex.
>
> (9) Exhibits C-3, C-4 and C-5 were taken by [Roberts] at approximately 11:00 a.m. on December 19, 2021.
>
> (10) [Roberts] testified that the sidewalk condition as described and displayed had existed since December 17 and still had not been cleared by December 19 with the exception of the entry door.
>
> (11) The [Municipal Code] requires the removal within 12 hours after (snow) has ceased to fall.

---

[2] Bloomsburg assumed responsibility for the prosecution of the violations of the Municipal Code. All references to Bloomsburg shall also be considered references to the Commonwealth and vice versa.

(12) [Roberts] testified that he had given the owner of the property a period of 48 hours before issuing the citation. (See: Exhibit C-2, citation)[.]

Trial Court Opinion, 3/24/2022, Original Record (O.R. at No.7), Findings of Fact (F.F.) Nos. 5-12.

Appellant then testified. The trial court made the following findings with regard to Appellant's testimony:

(13) [Appellant] is the owner of the [P]roperty . . . .

* * *

(16) [Appellant] is the principal member of Bloomsburg Alternative Power, hereinafter "BAP".

(17) BAP is the owner of [the Property]. . . .

(18) [Appellant] owns a number of properties in Bloomsburg, PA.

(19) [Appellant] instructed a guy to shovel the snow and [Appellant and] BAP[] have three plow and salt trucks, seven or eight salt spreaders, numerous shovels, scrapers at his/their disposal.

(20) [Appellant] did not state that he personally addressed the snow in front of the [Property] as an agent was involved.

Trial Court Opinion, F.F. Nos. 13, 16-20.

The trial court found Roberts' testimony to be credible and persuasive.

Trial Court Opinion, F.F. No. 21. As to Appellant, the trial court stated:

The Court finds the documentary (citation) and demonstrative evidence (three pictures) to be persuasive. The Court finds the testimony of [Appellant] to be credible as to his being a good neighbor, authorizing agents to use snow removal equipment or ice removers, but has no personal knowledge that the employees followed his

4

direction. The Court does not find persuasive [Appellant's] agent(s) performed their responsibilities in compliance with the [Municipal Code] . . . .

Trial Court Opinion, F.F. No. 22 (citation omitted).

The trial court concluded:

1. The evidence presented, real, demonstrative and documentary, support the finding that [Appellant]/BAP did not comply with [the Municipal Code] §21-301 and that said [Code] was violated.

2. The failure to comply with the [Municipal Code] created an unsafe area for pedestrians.

Trial Court Opinion, Conclusions of Law 1-2. Accordingly, by order dated March 24, 2022, the trial court entered judgment in favor of Bloomsburg and "against [Appellant] and 'BAP' in the amount of $500.00 plus costs, if any." O.R. at No. 6.

Appellant filed a timely notice of appeal to the Superior Court. By order dated May 16, 2022, the trial court directed Appellant to file a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with the May 16, 2022 order. Thereafter, on June 21, 2022, the trial court issued an amended order.[3] The order states in pertinent part:

AND NOW, this 21st day of June, 2022, the Court amends its' [sic] prior decision to identify the owner of the [P]roperty as "Bloomsburg Alternate [sic] Power and Matthew Zoppetti as owner/managing partner". (See [Transcript of Proceedings] Pg. 6, L. 3-8)[.]

Said amendment is a complete response to [Appellant's] reply to a Pa.R.A.P. 1925(b)(1) request for a Concise Statement of Issues complained of. It is noted that neither

---

[3] Pursuant to Section 5505 of the Judicial Code, 42 Pa. C.S. §5505, the trial court did not have authority as of that date to modify its March 24, 2022 order. Because the amended order was issued in response to Appellant's Statement of Errors Complained of on Appeal, we will treat it as an opinion issued pursuant to Pa.R.A.P. 1925(a).

party filed a Certified Deed as to ownership of said property. Also, Bloomsburg Alternate [sic] Power LLC as the proper party was never raised during the hearing and is deemed "waived."

Trial Court Order, 6/21/2022, O.R. at No. 14.

By order dated July 6, 2022, the Superior Court transferred the matter to this Court.

## DISCUSSION[4]

On appeal, Appellant first argues that the trial court erred in entering judgment in favor of the Commonwealth and against Appellant because Appellant is not the owner, occupant, or tenant of the Property as that term is used in Section 21-301 of the Municipal Code. Rather, Appellant contends, BAP owns the Property at issue. The Commonwealth responds that this issue was not preserved below because Appellant failed to raise the ownership issue before the trial court. We agree.

It is Hornbook law that issues not raised before a trial court are waived on appeal. *See* Pa.R.A.P. 302(a); *Allegheny West Civic Council, Inc. v. Zoning Board of Adjustment of City of Pittsburgh*, 94 A.3d 450, 456 (Pa. Cmwlth. 2014). Based on our review of the record, including the transcript of proceedings, it is

---

[4] In reviewing a summary conviction matter, where the trial court has taken additional evidence in *de novo* review, our review is limited to considering whether the trial court abused its discretion or committed an error of law. *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1255 n.2 (Pa. Cmwlth. 2002). In *Spontarelli*, we noted that "[i]n summary offense cases, the Commonwealth is required to establish" guilt beyond a reasonable doubt. *Id.* This court views "all of the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth." *Id.* "The test of sufficiency of the evidence is whether the trial court, as trier of fact, could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Id.*

6

apparent that Appellant did not raise any objection during the *de novo* proceeding that he was not the owner, occupant or tenant of the Property.[5] In reality, at the time of the hearing, Appellant's strategy appeared to focus on Roberts' authority to issue the citation. *See, e.g.,* Transcript of Testimony, R.R. at 10a-16a. That issue was not pursued subsequent to the hearing. Thus, we conclude that Appellant has waived the ownership issue.[6]

Next, Appellant argues that the Commonwealth did not prove its case beyond a reasonable doubt. Appellant maintains that the Commonwealth failed to address the fact that the Municipal Code clearly states that

> [i]n the event that snow and/or ice on a sidewalk has become so hard that it cannot be removed without damage to a sidewalk, the person charged with its removal shall, within the time specified above, place enough sand or other abrasive ice remover on the sidewalk to make travel reasonably safe and shall, as soon thereafter as weather permits, clear the sidewalk as specified herein.

Appellant's Brief at 12 (citing Section 21-301 of the Municipal Code). Appellant points to his testimony that enough salt and abrasive material was placed on the sidewalk to make travel reasonably safe. *See* Transcript of Testimony, R.R. at 35a-

---

[5] Indeed, the following exchange took place during the proceeding:

Trial Judge: Is the argument about who owns the property?

Counsel for Appellant: No, Your Honor.

Transcript of Proceedings, R.R. at 7a.

[6] For this reason, we will not address Appellant's argument that the trial court did not have jurisdiction to hold the *de novo* proceeding because the owner of the property, BAP, is a limited liability company that was not represented by counsel. *See* Appellant's Brief at 11 (citing *David R. Nicholson, Builder, LLC v. Jablonski*, 163 A.3d 1048 (Pa. Super. 2017); *Commonwealth v. Auric Investment Holdings, LLC* (Pa. Super., No. 1998 MDA 2019, filed January 26, 2021)).

36a. Appellant emphasizes "[t]here was no testimony indicating that travel was not safe, no complaints or injuries were reported, and there was testimony indicating that the snow/ice was removed soon thereafter[.]" Appellant's Brief at 13. Per Appellant, the Municipal Code "provides for an alternative when snow and ice is unable to be removed[,]" and he "provided uncontroverted testimony that the abrasive material was placed on the alleged uncleared sidewalk." *Id.*

The Commonwealth characterizes this argument as "absurd." Commonwealth's Brief at 2. The Commonwealth notes that

> Appellant had a very clear recollection of the events and conversations which occurred during the snowstorm some three (3) years ago. He also owns numerous rental properties, has an abundance of snow removal equipment and employs many individuals to help with snow/ice removal (R[.]R[.] [at] 38a). Most importantly though, he has no personal knowledge of what was done at [the Property] on the days before the citation was issued. ([*Id.* at] 38a). [Appellant] testified that he "gave the order" to have all his sidewalks shoveled and salted ([*Id.* at] 37a-38a). However, there was no testimony, or witnesses presented, to verify that anyone ever followed his order ([*Id.* at] 38a). Further, Appellant's allegation that there were no complaints about the property in question is incorrect. [Roberts] testified that he did receive a phone call from an individual stating that the sidewalk was dangerous and that they had to walk into the street to get around the property ([*Id.* at] 23a). The Commonwealth, through the testimony of [Roberts] and photographic exhibits presented, clearly showed that snow remained on the sidewalk days after the storm ended.

*Id.*

Based on our review of the record, we cannot say that the Commonwealth failed to prove its case. In addition to the Commonwealth's observations above, we underscore that the trial court did not find Appellant

persuasive that his agents "performed their responsibilities in compliance with the [Municipal Code]." Trial Court Opinion, F.F. No. 22. It is within the province of the trial court to weigh conflicting testimony, to make credibility determinations and to make findings of fact based on those assessments. *Lower Bucks County Joint Municipal Authority v. Koszarek*, 244 A.3d 54, 67 (Pa. Cmwlth. 2020) (quoting *In re Dauphin County Tax Claim Bureau*, 834 A.2d 1229, 1232 (Pa. Cmwlth. 2003)). Furthermore, we are bound by the trial court's credibility determinations. *Id.* That a record may contain evidence that supports a different result than that reached by the fact finder is irrelevant so long as the record contains substantial evidence supporting the fact finder's decision. *Id.* (quoting *Lyft, Inc. v. Pennsylvania Public Utility Commission*, 145 A.3d 1235, 1240 (Pa. Cmwlth. 2016)).

Because we conclude that the Commonwealth met its burden of proving Appellant's failure to comply with the snow removal provisions of the Municipal Code beyond a reasonable doubt, we affirm the order of the trial court.


_____
MICHAEL H. WOJCIK, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    :
         v.           :   No. 677 C.D. 2022
    :
Matthew Zoppetti,     :
    :
        Appellant    :

## **O R D E R**

AND NOW, this 18ᵗʰ day of September, 2025, the March 24, 2022 order of the Court of Common Pleas of the Twenty-Sixth Judicial District, Columbia County Branch, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge