In Re TAX SALE OF REAL PROPERTY SITUATE IN PAINT TOWNSHIP, SOMERSET COUNTY, Pennsylvania Tax Identification Number: 34–000410 and 34–019670.

**Appeal of: Elmer Baumgardner and the Estate of Anna Baumgardner.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 4, 2004.

Decided Jan. 12, 2005.

As Amended Jan. 18, 2005.

---

J. McDowell Sharpe, Chambersburg, for appellant.

Steven L. Miller, Somerset, for appellees.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Judge LEAVITT.

Elmer Baumgardner, as Executor of the Estate of Anna Baumgardner, (Estate or property owner) appeals from the order of the Court of Common Pleas of Somerset County (trial court) dismissing exceptions to the tax claim sale of two parcels of land owned by the Estate. The trial court found that in spite of defects in the notices of the sale, the Somerset County Tax Claim Bureau (Bureau) had complied with the requirements of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–5860.803, because the defects were minor. The Estate contends that the defects were not minor but fatal to both sales. Further, the Estate asserts an additional ground for voiding the sale of the larger parcel, which was the failure of the Bureau to oppose the Estate's filed exceptions.

At issue are two tracts of land owned by the Estate: one is 65.858 acres, the other is 1.136 acre. On September 23, 2002, both parcels were exposed for sale as a result of nonpayment of the 2000 and 2001 real estate taxes.[1] At the sale, which took place at the Somerset County Office Building, Gary Pirschl (Pirschl) was the high bidder for the larger, 66–acre, tract; Gwen Santucci (Santucci) was the high bidder on

---

1. The sales took place on the bottom floor of the Somerset County Office Building in Somerset, Pennsylvania. The exceptions cite discrepancies in the named buildings (Office Building versus the Courthouse), the street addresses of those buildings, and the designated floors (bottom floor versus second floor).

the smaller, 1–acre, tract.[2] Timely exceptions to both sales were filed by the Estate and served on the Bureau and on the two successful bidders; however, only Santucci filed a response.

The Estate asserted that both sales had to be set aside because of defects in the sale notices and in the posting of the properties.[3] A hearing on the exceptions was held before the trial court on November 6, 2003. Santucci appeared and was represented by counsel, but Pirschl did not appear. The Bureau did not appear at the hearing.

At the hearing, the Estate and Santucci stipulated to the admission of certain exhibits pertaining to the sale of the 1–acre parcel of land. These included the notice of the tax sale sent to the Estate, the return receipt of the tax sale notice signed by the Estate's executor, the "advertising" or publication notice of the tax sale, and the notice posted on the property. The Estate then moved to void the sale of the 65.858–acre parcel for the reason that its exceptions were not opposed by Pirschl or by the Bureau.[4] However, the trial court decided to defer ruling on this motion.

2. Pirschl bid $8,300 against a minimum upset price set by the Bureau of $1,639.83. Santucci bid the upset price of $640.51 for the smaller parcel.

3. The Estate specifically alleged that (1) it never received notice of the time and place or location of the sale in accordance with the statutory requirements; (2) the notice was sent to the incorrect address; (3) the mailed notice did not properly identify the parcel or parcels proposed to be sold, (4) the mailed notices did not contain the place or location of the proposed sale; (5) the mailed notices were not sent to the Estate's address on file with the Somerset County Assessment; (6) the Tax Claim Bureau did not send a follow-up notice prior to the sale; (7) the mailed notices of impending sale provided a time for the sale of 11:00 A.M. while the published notices provided a time for the sale of 10:00 A.M. Exceptions and Objections to Tax Sale of Real Property ¶ 8, Reproduced Record at 8a (R.R. ——).

4. The notes of testimony for the hearing reflect the following exchange between counsel for the Estate, Attorney Flower, and the trial court:

Atty Flower: You Honor, this appeal involves—or the exceptions involve two separate pieces of property. One is a 1.136 acre parcel that involves clients of Mr. Seger. The other is a 65–acre parcel that was purchased at the tax sale by Gary Prischl [sic]. Mr. Prischl [sic] was served with the exceptions, never filed any papers or answers that I am aware of. He's not present here today and in as much as there's been no answer filed by either Mr. Prischl [sic] or the Tax Claim Bureau relative to that property, *I'm asking that the Court enter an order finding the sale void and directing the Tax Claim Bureau to return the monies paid by Mr. Prischl [sic] to Mr. Prischl [sic] upon all payment of all taxes and penalties and interest by the Anna Baumgardner estate.*

Court: All right, Mr. Flower, I think I'd like to hear from you relative to the bona fides of the challenge—would the challenge be the same as to the parcel involving Mr. Seger's clients as it would be to the 65 acre parcel?

Atty Flower: It would be similar, Your Honor. But my understanding of the act is that it's—*once the exceptions are filed, it's the burden of the Tax Claim Bureau to go forward to show that the sale was properly conducted.*

Court: My question though is just because Mr. Prischl [sic] has failed to appear, does that automatically entitle you to basically file a default judgment on that issue?

Atty Flower: Well, he had notice—he had notice to file a—to respond to the pleadings within 20 days. He hasn't done so.

Court: I understand.

Atty Flower: We've had contact with Mr. Prischl [sic] on various occasions and the Tax Claim Bureau failed to file any pleadings at this point.

Court: Well, I don't know that they're obligated to file a response. That's my question. Certainly they would have to come forward and prove the bona fides of the sale that everything was complied with and all that sort of thing. I don't know

Thereupon, the Estate offered documents relevant to the sale of the 66–acre parcel of land.[5] They were admitted without objection from Santucci, whose counsel acknowledged that his client had "no dog in the fight" over the sale of the other parcel. R.R. 19a. The only witness to testify was the Director of the Bureau, Kathryn Jane Rose (Mrs. Rose), who was called by Santucci with respect to the 1–acre parcel.

■ At the hearing, the trial court considered the defects in the sales identified by the Estate and held that they were not sufficiently grave to void either sale. It concluded that (1) the affidavit of posting could be considered even though it was not notarized;[6] (2) the notices mailed to the incorrect address were satisfactory because they had been actually received by the Estate's executor; and (3) the failure to name the correct hour and place of the sale in various notices was of no moment given the corrective measures taken by the Bureau on the day of the sale. Citing our holding in *In re Property of Moskowitz*, 68 Pa.Cmwlth. 29, 447 A.2d 1114 (1982) as

> that just because Mr. Pirschl [sic] hasn't filed a response or hasn't appeared automatically resolves the issue with respect to that piece of property. *In other words, if the Tax Claim Bureau comes in and satisfies me, they've met their burden that, in fact, the tax sale was valid then I don't think your request for relief would be appropriate, would it?*
>
> **Atty Flower:** Perhaps not.
>
> **Court:** Okay. I will take the motion under advisement, but let's move forward then on the issue regarding Mr. Seger's client. Is anyone here—is there counsel here on behalf of the Tax Claim Bureau?
>
> **Atty Seger:** No, sir.
>
> R.R. 13a–15a (emphasis added).

5. The Estate asserts in its brief that these documents were offered for admission "to demonstrate the errors set forth seriatim in this brief after [the trial court] refused to dismiss the case for the failure of a party to appear. (R. 13a–15a)." Estate's Brief at 10 n. 2.

controlling, the trial court concluded that because the Estate did not claim any prejudice resulting from the defects in the notices, its objections to both sales had to be overruled. This appeal followed.[7]

On appeal, the Estate presents three issues for our review. First, it asserts that the trial court erred in overruling the exceptions to the sale of the 66–acre parcel because the Bureau did not present any evidence to demonstrate its compliance with the statutory notice requirements. Second, the Estate maintains that the many errors contained in the tax sale notices require that the sales be voided. Third, the Estate argues that the tax sales were invalid because the affidavits attached to the posting notices were not notarized and no further evidence on the manner of posting was offered by the Bureau.

■ We consider, first, the question of whether the trial court properly dismissed the objections to the sale of the 66–acre

6. The trial court did not address the content of the posted notice. The posted notice gave the Courthouse location for the tax sale, which was determined to be the incorrect location in the other notices. However, this issue was not specifically raised by the Estate; rather it lodged a general challenge to the propriety of the posting. A general averment of the Bureau's failure to comply with statutory notice provisions is sufficient to preserve the issue of a deficiency in a posting of a property with a tax sale notice. *In re Dauphin County Tax Claim Bureau*, 834 A.2d 1229 (Pa.Cmwlth.2003).

7. Our review is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision unsupported by the evidence. *In re 1999 Upset Sale of Real Estate*, 811 A.2d 85, 88 n. 1 (Pa.Cmwlth.2002).

parcel in light of the fact that the Estate's exceptions were not opposed. While acknowledging that the burden to demonstrate compliance with the Real Estate Tax Sale Law lies with the Bureau, the trial court determined that the Estate did not object to the failure of the Bureau to defend at the hearing and, therefore, the issue was waived. In the alternative, the trial court reasoned that if the issue is not waived, "from a practical standpoint, the Tax Claim Bureau did appear through the person of its Director, who was called to testify and to authenticate the physical evidence from the Bureau's files submitted by the attorney representing one of the purchasers." Statement Pursuant to Pa. R.A.P.1925 at 2.

8. Under Pa. R.A.P. 908 all parties to the matter in the trial court shall be deemed parties in the appellate court unless the appellant shall notify the appellate court that one or more of the parties has no interest in the outcome of the appeal. Pirschl was not a party before the trial court, and his right to participate at the appellate level is unclear. Nevertheless, we have considered his brief on the issue.

9. It states:
(a) At least thirty (30) days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the approximate upset price, (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner.
(b) Where the owner is unknown and has been unknown for a period of not less than five years, the name of the owner need not be included in such description.
(c) The description may be given intelligible abbreviations.
(d) Such published notice shall be addressed to the "owners of properties described in this notice and to all persons

Before this Court, the Bureau is again absent, and Santucci has not filed a brief in defense of the sale of the 1–acre parcel. Pirschl, who was not a party at the hearing, has filed a brief as "appellee"[8] in support of the sale of the 66–acre parcel. Pirschl asserts that the notice documents offered by the Estate and the testimony of Mrs. Rose were a "*prima facie* showing of statutory compliance and shift[ed] the burden back to Appellant [Estate]." Appellee's Brief at 13. Pirschl contends that the Estate did not carry its burden of proving that the Bureau failed to comply with the notice requirements in the Real Estate Tax Sale Law.

Section 602 of the Real Estate Tax Sale Law, 72 P.S. § 5860.602,[9] re-

having liens, judgments or municipal or other claims against such properties."
(e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:
(1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.
(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.
(3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.
72 P.S. § 5860.602(a)–(e).

quires a tax claim bureau to provide three separate methods of notice: publication at least thirty days prior to the sale, notification by certified mail at least thirty days prior to the sale, and posting of the property at least ten days prior to the sale. If the bureau fails to carry out all three, the tax sale is void. *Hunter v. Washington County Tax Bureau*, 729 A.2d 142 (Pa. Cmwlth.1999). It is the taxing authority's burden to prove compliance with the statutory notice provisions. *Casanta v. Clearfield County Tax Claim Bureau*, 62 Pa. Cmwlth. 216, 435 A.2d 681, 683 (1981). In *Hughes v. Chaplin*, 389 Pa. 93, 95, 132 A.2d 200, 202 (1957), our Supreme Court established that a *prima facie* presumption of regularity in a tax sale exists until the contrary is shown. In *Dolphin Service Corp. v. Montgomery County Tax Claim Bureau*, 125 Pa.Cmwlth. 220, 557 A.2d 38 (1989), this Court, harmonizing *Casanta* with *Hughes*, held that the filing of exceptions overcomes the presumption of regularity in the tax sale; accordingly, the filing of exceptions requires a bureau to prove that it has complied with the statutory notice requirements. Strict compliance with those requirements is required in order to ensure due process, and the burden to show strict compliance lies exclusively with the tax claim bureau. *Michener v. Montgomery County Tax Claim Bureau*, 671 A.2d 285, 289 (Pa.Cmwlth.1996).

▮ The Real Estate Tax Sale Law permits exceptions to be disposed of according to the procedure and practice of the trial court. Section 607(d), 72 P.S. § 5860.607(d).[10] Challenges to the validity of the tax sale are often defended by both the tax claim bureau and the purchaser. *See, e.g., Upset Sale, Tax Claim Bureau of Montgomery County, Pennsylvania Held September 13, 1971 and September 8, 1980, Appeal of William Dodge*, 92 Pa.Cmwlth. 281, 499 A.2d 12 (1985). Some courts require the purchaser to seek intervention in order to participate. *Smith v. Tax Claim Bureau of Pike County*, 834 A.2d 1247 (Pa.Cmwlth.2003).[11]

▮ In this case, the trial court permitted Santucci to oppose the Estate's exceptions to the tax sale of the 1–acre parcel even though the Bureau did not participate. "Where, as here, the purchaser is the party seeking to uphold the validity of the tax sale, the purchaser stands in the shoes of the Bureau." *Dolphin Service Corp.*, 557 A.2d at 39 n. 2. However, Santucci did not oppose the Estate's exceptions to the validity of the sale of the 66–acre parcel; indeed, she lacked standing to do so.

By the trial court's own direction, the hearing it conducted was limited to the sale of the 1–acre parcel. Accordingly, no evidence was presented to prove the Bureau's strict compliance with the statutory notice requirements with respect to the

---

**10.** It states:

> Any objections or exceptions to such a sale may question the regularity or legality of the proceedings of the bureau in respect to such sale, but may not raise the legality of the taxes on which the sale was held, of the return by the tax collector to the bureau or of the claim entered. In case any objections or exceptions are filed they shall be disposed of according to the practice of the court. If the same are overruled or set aside, a decree of absolute confirmation shall be entered by the court.

72 P.S. § 5860.607(d).

**11.** Nevertheless, we recognize that a trial court is not required to use the Pennsylvania Rules of Civil Procedure in tax sale proceedings. *Tax Sale Held September 10, 2003, by the Tax Claim Bureau of the County of Lackawanna, Appeal of Sposito*, 859 A.2d 15 (Pa. Cmwlth.2004). It is within the discretion of the trial court to specify the procedure by which the purchaser may challenge the exceptions and objections to the tax sale.

66–acre parcel. The Estate moved to void this latter sale because there were no responses filed to its exceptions; this issue was not waived.[12] By using evidence that related to the 1–acre parcel, the trial court, in effect, assumed the job of a non-present litigant.[13] Neither the Bureau nor the purchaser exerted one erg of energy to overcome the Estate's exceptions. In these circumstances, the trial court was required to find the sale of the 66–acre parcel was not properly conducted. Under *Dolphin Service Corp.*, no other result is possible.

We turn to the remaining issues that pertain to the sale of the 1–acre tract. The Estate asserts that various deficiencies in the notices deprived it of due process. These deficiencies include a discrepancy between the mailed notices and the published notices as to the time and place of the sale; mailing notices to a different address that that provided by the local taxing agency; posting a notice that did not correctly identify the location of the sale; and failing to notarize the posting affidavit. We review each deficiency *seriatim*.

The sale was conducted at the Somerset County Office Building, as was announced in the newspaper notices. However, both the posted notice and the mailed notice provided for another location: the Courthouse. Mrs. Rose testified that the sale location was changed after the notices were mailed to all property owners affected by the tax sale because she "could not get our sale booked in any of the courtrooms." R.R. 9a. By the time the notices were published in the newspapers, the correct location was known and provided.

The notice published in the newspaper of general circulation gave the correct time of the sale, 11:00 a.m., but the notice published in the Somerset County Legal Journal announced an earlier time for the sale, 10:00 a.m. The newspaper notices indicated that the sale would be held on the second floor of the building, but the sale was actually held on the "bottom floor." Mrs. Rose testified that the sale always begins later than the posted time to allow property owners to pay their taxes at the last moment before the sale. Mrs. Rose also explained that on the day of the sale, a notice of the correct location was posted both in the Courthouse and in the County Office Building; further, the Sheriff's deputies in charge of building security had been instructed to direct interested persons to the correct location.

The Estate's executor received his notice of the sale at 1514 Black Gap Road, Fayetteville, Pennsylvania. However, the taxing authority gave the Bureau the address of 586 Crestwood Drive, Chambersburg, Pennsylvania. Mrs. Rose admitted that the taxing authority had notified the Bureau that the taxes for the 1–acre parcel should be sent to "Louis A. Baumgardner, Jr., in care of Anna D. Baumgardner," 586 Crestwood Drive, Chambersburg, Pennsylvania. R.R. 26a. However, the Bureau sent its tax notices to the Estate's executor, whose name and address had been obtained from the receipt for the payment of the 1997 taxes.

 The Estate raises these technical defects in the notices of the sale, but it acknowledges that it received actual notice and that the Estate's executor was fully aware that the property was to be sold on

---

12. *See* n. 4, *supra.*

13. Alternatively, the trial court placed the evidentiary burden on the Estate to prove that the sale were unlawful. This is improper

under *Michener*, 671 A.2d at 285. Once exceptions are filed, it is the Bureau's burden to prove strict compliance with the statutory notice requirements.

September 23, 2002, for delinquent taxes. It is undisputed that the Estate did not send a representative to the sale. The dispositive issue, then, is whether the Estate's actual notice of the sale cured these technical defects in the statutory notice requirements.

The discrepancies between the mailed and published notices with respect to the location of the sale cannot be denied. The trial court determined that had the Estate sent a representative to the sale and arrived at either 10:00 or 11:00 a.m., he would have been directed to the correct location and advised of the correct time. With respect to the incorrect mailing address for the 1–acre parcel, the trial court noted that the return receipts were signed by the Estate's executor. All notices of tax delinquency for 2000 and 2001 sent to the Black Gap Road address had been similarly received. Because the return receipts were received by the Bureau, it did not need to make an additional inquiry as to the correct address. *See Upset Price Tax Sale of September 9, 1985, Appeal of MJM Financial Services, Inc.,* 127 Pa. Cmwlth. 400, 561 A.2d 1301 (1989).

 Where a record owner has actual notice of a tax delinquency and a scheduled sale of a property, the technical notice requirements of the Real Estate Tax Sale Law may be waived. *Sabbeth v. Tax Claim Bureau of Fulton County,* 714 A.2d 514 (Pa.Cmwlth.1998). The property owner's actual knowledge of a sale, in time to protect his due process rights, is suffi-

cient to overcome deficiencies in the formal notice requirements. *Casaday v. Clearfield County Tax Claim Bureau,* 156 Pa.Cmwlth. 317, 627 A.2d 257 (1993). Given the Estate's actual knowledge of the sale, the technical defects, such as they were, were waivable. The defects did not invalidate the sale or compromise the Estate's due process rights.

 Evidence that the notice was posted on the property, as vacant land, was the statement, or affidavit signed by Rosalie Sprock and Charles Snyder. The statement was not notarized, and the Estate asserts that the Bureau should not have relied upon an unsworn statement of posting in deciding to allow the sale to proceed.[14] However, the trial court found that the affidavit was sufficient evidence of posting, in the absence of a statutory requirement that it be notarized.

 Actual notice to a property owner does not necessarily cure a defect in the posting because the purpose of the posting is to notify the public at large as well as the record owner. *In re Tax Sale of 2003 Upset (Appeal of John L. Gerholt),* 860 A.2d 1184, 1190 (Pa.Cmwlth.2004). This Court has set aside tax sales where the posting notice was merely handed to the owner, *In re Sale of Real Estate by Montgomery County Tax Claim Bureau for 1997 Delinquent Taxes,* 836 A.2d 1037 (Pa.Cmwlth.2003), or where the notice was posted on the back door of the house where it could be seen by the occupant but not by the public, *Ban v. Tax Claim Bu-*

---

**14.** The Estate relies upon the definition of "affidavit" in Black's Law Dictionary, 58 (7th ed. 1999), providing that an affidavit is an affirmation of facts made before a person with the authority to administer an oath. Estate's Brief at 23. This argument ignores the more germane definition of "affidavit" provided in the Judicial Code, 42 Pa. C.S. § 102, to include an unsworn statement of fact made to a public servant subject to the penalties of

18 Pa. C.S. § 4904 (relating to unsworn falsification to authorities). The affidavit in question certifies to the Director of the Bureau that the posting was accomplished at "1:59" on "vacant land." R.R. 39. This document, relied upon by the Bureau, was signed under penalty of 18 Pa. C.S. § 4904. As such, the document satisfies the Judicial Code's definition of affidavit.

*reau of Washington County*, 698 A.2d 1386 (Pa.Cmwlth.1997). In deciding whether a property is properly posted for tax sale purposes, the Court must consider whether it allows interested parties the opportunity to participate in the auction process. *Chester County Tax Claim Bureau v. Griffith*, 113 Pa.Cmwlth. 105, 536 A.2d 503 (1988).

 The Estate does not contend that the property was not posted, or that it was posted in such a way that it failed to advise the public of the impending tax sale. The Estate objects to the posted notice because the affidavit of posting was not notarized.[15] The affidavit of posting establishes the presumption that the premises were properly posted. *Wheatcroft v. Schmid*, 8 Pa. Cmwlth. 1, 301 A.2d 377 (1973). If a challenger desires to rebut the presumption, he has the burden to go forward with contradictory evidence. *Thomas v. Montgomery County Tax Claim Bureau*, 123 Pa.Cmwlth. 371, 553 A.2d 1044 (1989). The Estate offered no such evidence. The statute does not require that the affidavit be notarized in order to be considered

competent evidence of compliance with the statute.[16]

For these reasons, we affirm the trial court as to the dismissal of the exceptions to the sale of the 1–acre parcel, thereby confirming the sale of this property. We reverse the dismissal of the exceptions to the sale of the 65.858 acre parcel, thereby voiding the sale of this property.

### ORDER

AND NOW, this 12th day of January, 2005, the order of the Court of Common Pleas of Somerset County dated April 12, 2004, in the above-captioned matter is hereby AFFIRMED as to the dismissal of the exceptions to the sale of the 1.136 acre parcel and REVERSED as to the dismissal of the exceptions of the sale of the 65.858 acre parcel.

---

15. It also contends that the posting gave the wrong location; however, the Bureau corrected this defect by directing purchasers to the correct location.

16. Section 602(e)(3) requires that "[e]ach property scheduled for sale shall be posted at least ten (10) days prior to the sale." 72 P.S. 5860.602(e)(3).