In Re: SALE OF REAL ESTATE BY LACKAWANNA COUNTY TAX CLAIM BUREAU Judicial Tax Sale Property Situate at: 926–928 Providence Road Scranton, Lackawanna County, PA, Tax Map No. 145.08–040–022, September 22, 2008 Upset Tax Sale

In Re: PIN# 14508–040–022, 926–928 Providence Road Scranton, PA

In Re: PIN# 11320–040–031, 810 Albert Street Dickson City, PA

In Re: PIN# 14513–070–008, 1717 Lafayette Street Scranton, PA

Appeal of: Walter Yankowski and Steven Yankowski

In Re: Sale of Real Estate by Lackawanna County Tax Claim Bureau Judicial Tax Sale Property Situate at: 926–928 Providence Road Scranton, Lackawanna County, PA, Tax Map No: 145.08–040–022 Objector/Owner: Walter Yankowski, September 22, 2008 Upset Tax Sale

In Re: PIN# 14508–040–022, 926–928 Providence Road Scranton, PA

In Re: PIN# 11320–040–031, 810 Albert Street Dickson City, PA

In Re: PIN# 14513–070–008, 1717 Lafayette Street Scranton, PA

Appeal of: Walter Yankowski and Steven Yankowski.

Commonwealth Court of Pennsylvania.

Argued Nov. 5, 2009.

Decided Dec. 7, 2009.

Joseph F. Walsh, Scranton, for appellants.

Joseph J. Joyce, III, Scranton, for appellee.

BEFORE: FRIEDMAN, Senior Judge, and KELLEY, Senior Judge, and McCLOSKEY, Senior Judge (P).

OPINION BY Senior Judge FRIEDMAN.

Walter Yankowski and his son Steven Yankowski (Appellants), owners of properties at 926–928 Providence Road and 1717 Lafayette Street, respectively, appeal from the March 11, 2009, orders of the Court of Common Pleas of Lackawanna County (trial court), which: (1) denied Appellants' exceptions to the September 22, 2008, upset sale of their properties; and (2) granted the petition filed by the Lackawanna County Tax Claim Bureau (Bureau) to expose the Providence property to a judicial sale. We affirm.

The relevant facts are not in dispute. Appellants' properties were listed for a September 22, 2008, upset sale. After neither property was sold, the Bureau sent Walter Yankowski written notice, by certified mail, that the Providence property was scheduled for a judicial sale to be held on February 9, 2009. On November 12, 2008, Appellants filed exceptions to the upset sale. While these exceptions were pending, the Bureau filed a petition to expose the Providence property to judicial sale, requesting the court to issue a rule to show cause directed to all parties in interest. A rule to show cause was issued on December 1, 2008, returnable on December 31, 2008, which provided that a hearing would be held, if necessary, on January 26, 2009. On December 31, 2008, Walter Yankowski filed an answer to the Bureau's petition, and, at Appellants' request, the hearing on the Bureau's petition was rescheduled to March 4, 2009.

At the March 4, 2009, hearing, Appellants presented their objections to both the upset sale and the judicial sale; by agreement of the parties, testimony was limited to the issue of notice. Ronald J. Koldjoski, the Bureau's deputy director, first described the Bureau's efforts to provide notice of the upset sale.[1] The Bureau also submitted posting affidavits, each initialed by a constable, and date-stamped photo-

---

1. The Bureau sent Steven Yankowski notice of the upset sale by certified mail on July 25, 2008, and received a signed return receipt. The Bureau also sent notice of the upset sale by certified mail to Walter Yankowski, but the return receipt was signed illegibly, and the box marked "agent" was checked. Thereafter, the Bureau sent an additional notice of the upset sale to Walter Yankowski by regular mail. On August 22, 2008, the Bureau published notices of the upset sale in The Scranton Times and the Lackawanna Jurist. Constables posted notice of the upset sale on the Providence property on August 29, 2008, and posted notice on the Lafayette property on September 4, 2008.

graphs of the notice posted on each of the properties.[2]

Written notice of the judicial sale was sent to Walter Yankowski by certified mail on October 8, 2008; the return receipt was signed, illegibly, on October 28, 2008. The judicial sale was advertised in The Scranton Times and the Lackawanna County Jurist on January 9, 2009. Koldjoski testified that the sheriff attempted to personally serve the rule to show cause why the Providence property should not be exposed to judicial sale upon Walter Yankowski but did not find him at his address of record.

Steven Yankowski testified that he received notice of the judicial sale and signed his father's name on the certified mail return receipt. According to Steven, he did not tell his father of the scheduled judicial sale at that time; however, he retained an attorney and filed objections to the judicial sale on December 31, 2008, again signing his father's name. Steven testified that he had his father's permission to sign his name to documents, and Walter Yankowski confirmed that testimony.

Following the hearing, the trial court issued two orders, dated March 11, 2009, one decreeing that both properties were properly exposed to the upset tax sale on September 22, 2008, and the other ordering the Providence property to be exposed to judicial sale on March 16, 2009. Appellants now appeal to this court.[3]

▮ In tax sale cases, our scope of review is limited to determining whether the trial court abused its discretion, committed an error of law or rendered a decision unsupported by the evidence. *Lancaster County Tax Claim Bureau v. Valenti*, 144 Pa.Cmwlth. 238, 601 A.2d 445 (1991), *appeals denied*, 533 Pa. 621, 619 A.2d 702 (1993) and 533 Pa. 647, 622 A.2d 1378 (1993). As the finder of fact, the trial court has exclusive authority to weigh the evidence, make credibility determinations and draw reasonable inferences from the evidence presented. *Picknick v. Washington County Tax Claim Bureau*, 936 A.2d 1209 (Pa.Cmwlth.2007).

▮ The Bureau has the burden of proving compliance with the statutory notice provisions. *Id.* With respect to the upset sale, section 602(e)(3) of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602(e)(3), states that "[e]ach property scheduled for sale shall be posted at least ten (10) days prior to the sale." Appellants argue that the Bureau failed to establish that it satisfied this requirement because the constables initialed, rather than signed, the posting affidavits, and the posting affidavits were not notarized. Appellants also complain that the individuals who actually posted the properties were not available for cross-examination. Appellants contend that, under these facts, the upset sale was not valid and, because a valid upset sale is a prerequisite for a judicial sale, section 610 of the Law, 72 P.S. § 5860.610, the Providence property was improperly listed for judicial sale.[4] We disagree.

---

2. Koldjoski explained that the Bureau permitted the constables to sign the affidavits using their initials instead of their full names because the constables were concerned about retribution. He added that the Bureau retains a master roster identifying each constable's initials, and he gave the names of the constables who posted the Lafayette and Providence properties.

3. By order dated March 13, 2009, we denied Appellants' application for a stay of the trial court's March 11th orders.

4. Appellants' objections to the upset sale are not rendered moot simply because their properties were not sold. *Rivera v. Carbon County Tax Claim Bureau*, 857 A.2d 208 (Pa.Cmwlth. 2004), *appeal denied*, 583 Pa. 692, 878 A.2d

■ An affidavit of posting establishes the presumption that the premises were properly posted. *In re Tax Sale of Real Property Situate in Paint Township*, 865 A.2d 1009 (Pa.Cmwlth.2005). However, there is no statutory requirement that posting affidavits be notarized in order to be considered competent evidence of compliance with the Law. *Id.* Indeed, the statute does not require the filing of a posting affidavit. As the trial court observed, in addition to the posting affidavits, the Bureau produced dated photographs showing the upset sale notices posted to the properties. Thus, where notice was the only issue raised with respect to the upset sale, the trial court's determination that the upset sale was valid is supported by the record.[5]

■ Appellants also argue that the Providence property could not be subject to a judicial sale because Walter Yankowski was not personally served with the rule to show cause as required by section 611 of the Law, 72 P.S. § 5860.611.[6] However, in *Valenti*, this court affirmed the trial court's ruling that a judicial sale was conducted in accordance with section 611 of the Law where the property owners testified that they knew of the judicial sale prior to its occurrence. "When a property owner has knowledge of the steps taken prior to the sale, he cannot be found to have been misled to his harm." *Valenti*, 601 A.2d at 449. Similarly, the record in this case reflects that Appellants' actual knowledge of the judicial sale was sufficient to waive the personal service requirements of section 611.

Steven Yankowski received written notice of the judicial sale in October 2008. Admittedly, he had actual knowledge of the judicial sale, which enabled him to hire an attorney, file a timely answer and objections to the judicial sale and arrange to have the hearing continued to March. Steven testified that he handled property matters for his father and that notice to him was as good as notice to Walter Yankowski, who also participated at the hearing on the Bureau's petition. (N.T. at 55.) We conclude that, under these circumstances, where Appellants knew of the scheduled proceeding prior to the sale, filed an answer and were afforded the opportunity to appear and be heard at the hearing, Appellants' actual notice of the judicial sale waives the necessity for strict

---

866 (2005). At an upset sale, where there are no bids of the upset sale price, all rights in the property, i.e., legal title, are transferred from the owners of the property to the tax claim bureau as trustee by operation of law. *Id.* However, the divestiture of ownership that follows exposure of property to an upset sale cannot occur when the notice requirements of the Law have not been satisfied. *Id.*

5. To the extent that Appellants presented other arguments to the trial court, we note that proof of posting is the only issue raised on appeal with respect to the validity of the upset sale.

6. In pertinent part, section 611 of the Law states as follows:
Service of the rule shall be made in the same manner as writs of scire facias are served in this Commonwealth. . . . If service

of the rule cannot be made in this Commonwealth, then the rule shall be served on the person named in the rule by the sheriff, by sending him, by registered mail, return receipt requested, postage prepaid, at least fifteen (15) days before the return day of the rule, a true and attested copy thereof, addressed to such person's last known post office address. The sheriff shall attach to his return, the return receipts, and if the person named in the rule has refused to accept the registered mail or cannot be found at his last known address, shall attach evidence thereof. This shall constitute sufficient service under this act.
72 P.S. § 5860.611. Neither party refers to Bureau Exhibit 17, which is a sheriff's "return not found" and appears to satisfy the requirements of section 611. (R.R. at 99b.)

compliance with section 611 of the Law. *Valenti.*

Accordingly, we affirm.

## ORDER

AND NOW, this 7th day of December, 2009, the orders of the Court of Common Pleas of Lackawanna County, dated March 11, 2009, denying the exceptions filed by Walter Yankowski and Steven Yankowski to the September 22, 2008, upset tax sale of their respective properties and granting the Lackawanna County Tax Claim Bureau's petition to expose Walter Yankowski's property to a judicial tax sale, are hereby affirmed.

## DISSENTING OPINION BY Senior Judge KELLEY.

I respectfully dissent. Herein, with respect to the upset tax sale, Appellants argue that the Bureau failed to establish that it complied with Section 602(e)(3) of the Real Estate Tax Sale Law[1] (Law) which requires that "[e]ach property scheduled for sale shall be posted at least ten (10) days prior to the sale." Appellants contend that the posting was invalid for two reasons: (1) the posting affidavits were initialed, rather than signed by the constables; and (2) the posting affidavits

were not notarized. In addressing Appellants' foregoing contentions, the Majority only discusses the contention that the posting was invalid because the affidavits were not notarized. The Majority does not address Appellants' contention that the postings were invalid because the affidavits were initialed by the constables rather than signed.

The Law is silent as to the manner of posting required, stating only that the property "shall be posted at least ten (10) days prior to the sale."[2] 72 P.S. § 5860.602(e)(3). The common practice is for the person posting the property to provide the Bureau a posting affidavit certifying that the subject property was posted with notice of the impending sale. The Law does not define the term "affidavit"; however, Section 102 of the Judicial Code defines "affidavit" as follows:

> Includes an unsworn document containing statements of fact and a statement **by the signatory** that it is made subject to the penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities).

42 Pa.C.S. § 102 (emphasis added).[3]

As such, an affidavit that does not have a signatory is invalid. The question is

---

1. Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.602(e)(3).

2. It is well settled that even when a property owner receives actual notice of a tax sale, a defect in the posting may nevertheless require a court to overturn a tax sale. The reason for such a result is that the posting of notice serves the function of notifying the general public, as well as the owner, of a tax sale. *Tax Sale of Real Property Situate in Paint Township, Somerset County,* 865 A.2d 1009 (Pa.Cmwlth.2005). By opening up the sale to the public at large, the taxing authority has a greater opportunity to recover lost tax revenues. *In re Upset Price Tax Sale of September 10, 1990,* 147 Pa.Cmwlth. 52, 606 A.2d 1255 (1992).

3. Section 4904 of the Crimes Code, 18 Pa.C.S. § 4904, governs unsworn falsification to authorities and provides as follows:

> (a) IN GENERAL.—A person commits a misdemeanor of the second degree if, with intent to mislead a public servant in performing his official function, he:
> (1) makes any written false statement which he does not believe to be true;
> (2) submits or invites reliance on any writing which he knows to be forged, altered or otherwise lacking in authenticity; or
> (3) submits or invites reliance on any sample, specimen, map, boundary mark, or other object which he knows to be false.

whether using one's initials rather than a signature on an affidavit, as defined above, is a valid affidavit. It is clear that since an affidavit is an unsworn statement of fact subject to criminal penalties for making false statements to public authorities, the signatory must be prepared to establish that the information meets all legal requirements, should he or she be called upon to do so. In order to do that, the signatory must be readily identifiable from the affidavit itself. Initials simply do not readily identify an individual. Therefore, a posting affidavit that only contains the initials of the person certifying that the property was posted in accordance with the notice provisions of the Law is not a valid affidavit which in turn is insufficient to establish compliance by the Bureau.

In this instance, the Bureau relied upon the posting affidavits as proof that the properties were properly posted. However, as the affidavits were not signed, the unsworn statements of facts contained therein were not verified. Accordingly, the Bureau failed to meet its burden of proving that the properties were posted at least ten days prior to the sale as required by Section 602(e)(3) of the Law. As such, I would reverse the trial court's orders denying the exceptions to the upset tax sale of the properties because the Bureau failed to prove that it complied with the posting requirements of the Law.

(b) STATEMENTS "UNDER PENALTY."—A person commits a misdemeanor of the third degree if he makes a written false statement which he does not believe to be true, on or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable.

(c) PERJURY PROVISIONS APPLICABLE.—Section 4902(c) through (f) of this title (relating to perjury) applies to this section.

(d) PENALTY.—In addition to any other penalty that may be imposed, a person convicted under this section shall be sentenced to pay a fine of at least $1,000.