# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Public Sale of Properties<br>Pursuant to Section 610 and<br>Section 703(b) of the<br>Real Estate Tax Sale Law | : | |
| | : | |
| Petition of:  Nationstar Mortgage, LLC<br>d/b/a Champion Mortgage Company | : | |
| | : | |
| v. | : | No. 1591 C.D. 2018 |
| | : | Submitted:  November 14, 2019 |
| Delaware County Tax Claim Bureau | : | |
| | : | |
| v. | : | |
| | : | |
| Astro Group, LLC | : | |
| | : | |
| Appeal of: Nationstar Mortgage, LLC<br>d/b/a Champion Mortgage Company | : | |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                         **FILED:  January 3, 2020**

Nationstar Mortgage, LLC d/b/a Champion Mortgage Company (Mortgagee) appeals from the order of the Court of Common Pleas of Delaware County (trial court), dated June 22, 2018, which denied Mortgagee's petition to set

aside a judicial tax sale of a property on which it holds a lien. For the following reasons, we reverse the trial court's order.

This appeal concerns the property known as 2816 Saint Mary's Road in Haverford Township, Delaware County, Pennsylvania (the Property). In 2006, then-owner of the Property, Patricia M. Geraghty (Owner), took out a mortgage loan from Seattle Mortgage Company in the amount of $367,500.00 secured by a recorded mortgage lien against the Property (the mortgage lien). The mortgage lien was most recently assigned to Mortgagee in 2012. In order to collect delinquent real estate taxes, the Delaware County Tax Claim Bureau (Bureau) exposed the Property to an upset tax sale on September 17, 2015, pursuant to the Real Estate Tax Sale Law (RETSL).[1] Because no bidder offered the upset price, the Bureau filed with the trial court a petition to conduct a judicial tax sale of the Property (along with several other properties) pursuant to Section 610 of RETSL, 72 P.S. § 5860.610. On January 15, 2016, the trial court granted the Bureau's petition and issued upon all interested parties an amended rule to show cause (Rule) why the properties (including the Property) should not be sold "freed and cleared of all tax and municipal claims, mortgages, liens, charges and estates." (Reproduced Record (R.R.) at 80.)

On February 18, 2016, some person—the record does not reveal who—sent, by registered mail, return receipt requested, the Rule and the Bureau's petition to "Champion Mortgage Company, 350 Highland Drive, Lewisville, TX 75067." (R.R. at 136-37.) That address is the address associated with Mortgagee in the recorded assignment of the mortgage lien. (*See id.* at 76.) On February 24, 2016, the Rule arrived at that address and was forwarded to an address in Dallas, Texas,

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-.803.

which the record does not further identify. (*Id.* at 137.) The next day, February 25, 2016, someone named Larry Harry signed to indicate receipt of the Rule at the unspecified Dallas address. (*Id.* at 136.) On March 17, 2016, without communication from Mortgagee, the trial court issued an order permitting a judicial tax sale of the Property. On May 19, 2016, Astro Group, LLC (Purchaser) purchased the Property at the judicial tax sale for $36,469.00. No representative of Mortgagee was present at the sale.

On November 18, 2016, Mortgagee timely filed with the trial court a petition to set aside the judicial tax sale (Petition) on the grounds that (1) the Property sold for a grossly inadequate price, and (2) the Bureau failed to comply with RETSL's notice requirements which deprived Mortgagee of actual notice of the judicial sale. On August 13, 2017, Mortgagee, Purchaser, and the Bureau executed a stipulation providing that both Mortgagee and Purchaser properly intervened in the Petition proceedings and that the contents of the Bureau's file regarding the Property would be admitted as evidence in this matter. (*See* R.R. at 110-14.) On January 5, 2018, the trial court held a hearing on the Petition at which Mortgagee and Purchaser each presented evidence concerning the value of the Property at the time of the judicial sale. The issue of notice was not discussed at the hearing except for the admission of some documentary evidence already contained in the record and the trial court's instruction that the parties brief the issue of notice following the hearing. (*See* R.R. at 177-78, 210-11.)

On June 22, 2018, the trial court denied the Petition and made the following relevant findings of fact and conclusions of law:

> Service of the [p]etition and Rule *was made* upon [Mortgagee], 350 Highland Drive, Lewisville, Texas 75067[,] by registered mail, return receipt requested on

3

February 26, 2016.[2]  The return receipt for the registered mail shows that it was signed by Larry Harry.

. . . .

No evidence was presented at the time of hearing to support the allegation that [Mortgagee] was not served nor was there any evidence presented that "Larry Harry" was not an authorized agent on behalf of [Mortgagee] to accept service.

. . . .

As the Rule Returnable was properly served upon [Mortgagee] pursuant to Section 611 of [RETSL, 72 P.S. § 5860.611,] the Petition of [Mortgagee] to Set Aside Judicial Tax Sale must fail, as a matter of law.

(Appellant's Amended Br., trial court decision and order at 3, 7 (emphasis added).)[3] Mortgagee appealed the trial court's order to this Court.  The trial court reiterated its findings and conclusions in its Pa. R.A.P. 1925(a) opinion and cited our decision in *In re Monroe County Tax Claim Bureau*, 91 A.3d 265 (Pa. Cmwlth. 2014) (*Monroe County*), for the proposition that a sheriff's return of service is presumed valid unless the party claiming nonservice demonstrates that service was improper.[4]  The trial court explained that it found service on Mortgagee was proper based on *Monroe*

---

[2] The trial court appears to have misstated the date of delivery which, based on the record, occurred on February 25, 2016.  (*See* R.R. at 136-37.)

[3] The trial court did not address and Mortgagee does not raise on appeal issues concerning the Property's sale price.

[4] In *Monroe County*, the record contained a sheriff's return of service indicating service by the deputy sheriff on an unnamed "supervisor" at the mortgagee's address.  We held, based on the sheriff's return, that service was presumed valid and that, if the mortgagee wished to challenge the authority of the supervisor to accept service, the mortgagee—not the Bureau—would bear the evidentiary burden concerning that showing.  *Monroe County*, 91 A.3d at 273.  Because the mortgagee failed to provide evidence of its claims of nonagency, we affirmed the trial court's denial of the petition to set aside the sale.

*County* because Mortgagee did not present evidence that Larry Harry was not its authorized agent.

On appeal,[5] Mortgagee offers two arguments to support its assertion that the trial court erred in failing to set aside the judicial sale. First, Mortgagee asserts that the Bureau failed to comply with RETSL's notice requirements, thus depriving Mortgagee of notice of the judicial sale and rendering the sale invalid. Specifically, Mortgagee identifies three reasons that service was not shown to be proper under RETSL: (1) the record does not indicate that the Sheriff of Delaware County (Sheriff) sent the registered mailing of the Rule or prepared a sheriff's return of service, (2) the record does not indicate that Larry Harry was authorized to accept service on behalf of Mortgagee, and (3) the Rule was forwarded to and received at an unknown address in Dallas, Texas, rather than at the correct address in Lewisville, Texas. For its second argument on appeal, Mortgagee insists that the Rule failed to describe the Property sufficiently to allow Mortgagee to identify its interest in the Property, thereby depriving Mortgagee of the Property without due process of law.

In response, Purchaser argues that the signed receipt of the registered mailing establishes a presumption of valid service, which Mortgagee did not offer any evidence to rebut. Purchaser also asserts that Mortgagee failed to raise before the trial court—and thus waived—its argument concerning the Rule's inadequate identification of the Property.

Before we begin our analysis, we stress that the purpose of a judicial tax sale under RETSL is to collect taxes, "not to strip away citizens' property rights."

---

[5] This Court's review in judicial tax sale cases is limited to considering whether the trial court abused its discretion, rendered a decision lacking in supporting evidence, or clearly erred as a matter of law. *In re Dauphin Cty. Tax Claim Bureau*, 834 A.2d 1229, 1232 n.2 (Pa. Cmwlth. 2003).

5

*Stanford-Gale v. Tax Claim Bureau of Susquehanna Cty.*, 816 A.2d 1214, 1216 (Pa. Cmwlth.), *appeal denied*, 828 A.2d 351 (Pa. 2003). To that end, we have held that the pre-sale notice requirements of Section 611 of RETSL, 72 P.S. § 5860.611, must be strictly construed and strictly followed "to ensure that a governmental entity seeking to recover delinquent taxes provides due process before divesting a lienholder of its property." *Mfrs. & Traders Tr. Co. v. Luzerne Cty. Tax Claim Bureau*, 56 A.3d 36, 39 (Pa. Cmwlth. 2012). Section 611 of RETSL provides:

> Service of the rule shall be made in the same manner as writs of scire facias are served in this Commonwealth. When service cannot be made in the county where the rule was granted, the sheriff of the county shall deputize the sheriff of any other county in this Commonwealth, where service can be made. If service of the rule cannot be made in this Commonwealth, then the rule shall be served on the person named in the rule *by the sheriff*, by sending him, by registered mail, return receipt requested, postage prepaid, at least fifteen (15) days before the return day of the rule, a true and attested copy thereof, addressed to such person's last known post office address. *The sheriff shall attach to his return*, the return receipts, and if the person named in the rule has refused to accept the registered mail or cannot be found at his last known address, shall attach evidence thereof. This shall constitute sufficient service under this act.

(Emphasis added.) "The Bureau has the burden of proving compliance with the statutory notice provisions." *In re Sale of Real Estate by Lackawanna Cty. Tax Claim Bureau*, 986 A.2d 213, 216 (Pa. Cmwlth. 2009).

In construing the notice requirements of Section 611 of RETSL, we have observed that, in any case, the rule must be served by a sheriff, who must prepare and file with the court a sheriff's return of service:

> [Section 611 of] RETSL requires a rule to show cause issued under Section 610 of [RETSL] to be served upon the owner and lienholder *by a sheriff*, in person if possible.

6

> If the owner or lienholder lives outside of the Commonwealth, the rule must be served on the owner or lienholder by registered mail, at least fifteen days before the scheduled hearing. *The sheriff must then file with the court the return receipt*, indicating whether service was successful.

*In re Tax Claim Bureau of Lehigh Cty. 2012 Judicial Tax Sale*, 107 A.3d 853, 859 (Pa. Cmwlth.) (*Lehigh County*) (emphasis added), *appeal denied*, 117 A.3d 299 (Pa. 2015). In other words, Section 611 requires that a sheriff personally serve the rule on a party with an address in Pennsylvania and that the sheriff send the rule by registered mail to any party with an address outside Pennsylvania.

Consistent with this, we have held that a tax bureau's attempt to effectuate service through a constable, rather than a sheriff, was improper. *See In re Sale of Real Estate by Lackawanna Cty. Tax Claim Bureau*, 22 A.3d 308, 313 (Pa. Cmwlth.) ("[B]because the [b]ureau used . . . a state constable . . . to serve [the owners], service was invalid under Section 611 [of RETSL], which requires service of the rule *by a sheriff.*" (emphasis added)), *appeal denied*, 32 A.3d 1279 (Pa. 2011). Similarly, in *Rao v. Lot Holding Co., LLC*, Pa. Cmwlth., No. 1169 C.D. 2013, filed May 20, 2014), we explained:

> [I]f service by certified mail [is] an available option, such service must be made "by the sheriff" and must include a sheriff's return. Here, it was the [tax b]ureau that sent the [r]ule by certified mail, not the [s]heriff, and there was no [s]heriff's return associated with the service by certified mail.

*Rao*, slip op. at 4 (quoting Section 611 of RETSL).[6] Although *Rao* was an unreported decision and although we concluded that service by registered mail was

---

[6] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision issued by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent."

7

not available in that case because the owners resided in Pennsylvania, we find our reasoning in *Rao* and *Lehigh County* persuasive and illustrative of Section 611's requirement of service *by the sheriff*.

In *Shipley v. Tax Claim Bureau of Delaware County*, 74 A.3d 1101, 1108 (Pa. Cmwlth. 2013), we held that because the sheriff's return of service was "missing from the record," "there [was] no evidence that the [tax b]ureau's service of notice to [the owner] complied with Section 611" of RETSL. We also observed that copies of letters sent *by the tax bureau* were not equivalent, for purposes of proof, to a sheriff's return. *Id.* Although *Shipley* also involved defects in the rule itself as a basis for setting aside the sale, our reliance on the record to demonstrate service *by the sheriff* is consistent with Section 611's requirement that the sheriff produce a return of service. Accordingly, considering *Lehigh County*, *Rao*, and *Shipley* in light of the burden of proof in tax sale cases, we hold that where a tax bureau attempts to serve a party outside this Commonwealth by registered mail under Section 611 of RETSL, the bureau must demonstrate that a sheriff made the mailing and produced a sheriff's return.[7]

---

[7] We note, however, that in cases where a challenging party had actual notice of the sale, technical defects in service or in proving service may not be dispositive. *See In re Sale of Real Estate by Dauphin Cty. Tax Claim Bureau* (Pa. Cmwlth., No. 956 C.D. 2018, filed May 15, 2019), slip op. at 10 (*Dauphin County*) ("[T]his Court has waived strict compliance with [RETSL's notice requirements] where it is demonstrated that a taxpayer had actual notice of . . . [the] impending sale."). In *Dauphin County*, the taxpayer admitted that the sheriff actually served him with the rule to show cause, and the court ultimately admitted the sheriff's return of service into evidence. The owner argued for setting aside the sale because the sheriff did not file the return of service with the prothonotary as required by Pa. R.C.P. No. 405(e) and because the return of service did not become part of the record until after the hearing on the rule to show cause. We found those arguments unpersuasive in light of the owner's actual notice of the sale and affirmed the denial of his petition to set aside the sale.

Unlike the owner in *Dauphin County*, Mortgagee here asserts that it was never properly served with the Rule and did not have actual notice of the sale.

The record in the instant case contains only two documents concerning service of the Rule on Mortgagee. The first—a completed U.S. Postal Service Form 3811 Domestic Return Receipt (informally known as a "green card" or "green slip") (Form 3811)—shows that the Rule was sent to Mortgagee's address in Lewisville, Texas, and was received by Larry Harry. (*See* R.R. at 136.) The Form 3811 allows indication of whether the signature is that of the addressee or its agent and whether the delivery address differs from the mailing address, but neither of those sections is completed. (*Id.*) The second document—a screenshot of package tracking information generated on usps.com—simply lists the dates on which the Rule passed through various cities *en route* to its delivery in Lewisville and forwarding to Dallas. (*See id.* at 137.)

Critically, there is nothing in the record which suggests that it was the Sheriff—as opposed to the Bureau, or some other person—who sent the Rule to Mortgagee, as is required under Section 611 of RETSL. There is no sheriff's return of service in the record and no correspondence from or with the Sheriff regarding Mortgagee whatsoever.[8] The trial court's use of the passive voice—that "[s]ervice of the . . . Rule *was made* upon [Mortgagee]"—reflects this absence of evidence about who sent the registered mailing.[9] Section 611 of RETSL demands more than

---

[8] In contrast, the record contains a letter from the Bureau asking that the Sheriff serve the Rule on Owner and listing only Owner's address. (*See* R.R. at 115.) Also in the record are copies of registered mailings from the Sheriff to Owner and Altegra Credit Co., the latter having been returned as undeliverable. (*Id.* at 139-140.) While perhaps not equivalent to formal sheriff's returns, these documents at least suggest that the Sheriff was involved in serving *Owner* by registered mail. There is, however, no evidence to suggest the same with respect to *Mortgagee*.

[9] Unlike the trial court, Purchaser asserts that "*[t]he Sheriff* . . . sent the [Rule] via registered mail" and that "[t]he receipt was returned *to the Sheriff* with an acceptance signature of Larry Harry." (Br. of Purchaser at 5 (emphasis added).) There is, however, no record evidence supporting these assertions.

a showing that a Rule was sent by registered mail. As we have discussed, it requires evidence that *a sheriff* sent the mailing and prepared a sheriff's return.

Here, the trial court made no finding about who mailed the Rule and there is no basis in the record upon which it could have done so. For these reasons, the trial court erred in concluding that service of the Rule was made upon Mortgagee in accordance with Section 611 of RETSL.[10] Accordingly, we will reverse the trial court's order denying the Petition.

P. KEVIN BROBSON, Judge

---

[10] Given this conclusion, we will not address Mortgagee's remaining arguments on appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Public Sale of Properties  :
Pursuant to Section 610 and   :
Section 703(b) of the     :
Real Estate Tax Sale Law   :
            :
Petition of:  Nationstar Mortgage, LLC :
d/b/a Champion Mortgage Company :
            :
    v.      : No. 1591 C.D. 2018
            :
Delaware County Tax Claim Bureau :
            :
    v.      :
            :
Astro Group, LLC     :
            :
Appeal of: Nationstar Mortgage, LLC :
d/b/a Champion Mortgage Company :

## **O R D E R**

   AND NOW, this 3rd day of January, 2020, the order of the Court of Common Pleas of Delaware County, dated June 22, 2018, is REVERSED.

_____
P. KEVIN BROBSON, Judge
